# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                      Facsimile: (212) 317-1620
_____

April 20, 2018

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Re:**    *Carchi, et al. v. San Pietro, et al.*
              Case No. 17-cv-3160-PAE

Your Honor:

      This office represents Plaintiff Luiz Romero de Jesus ("Plaintiff Romero") in the above-referenced matter.  We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiff Romero and Defendant Sistina Restaurant Inc. (the "Defendant Sistina," and together with Plaintiff, the "Settling Parties").  Plaintiff Romero will continue to pursue his claims against the remaining Defendants.

      The Settling Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discussions and a settlement conference before your Honor.  The proposed Agreement is attached hereto as **Exhibit A.**  We therefore ask the Court to approve the settlement, pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015).

      The Settling Parties represent to the Court that while the Plaintiff Romero believes that the settlement amount is less than what he would be entitled to if he prevailed at trial, but that the settlement is fair, as discussed herein.

**Background**

      Plaintiff Romero was employed by Defendant Sistina to work as a waiter at a restaurant owned by Defendant Sistina, located at 24 E. 81st Street, New York, NY 10028.

      Plaintiff Romero was employed by Defendant Sistina during the month of November 2016.  During the month of November 2016, Plaintiff Romero alleges he worked approximately 42.5 hours per week.  Throughout his employment with Defendant Sistina, Plaintiff Romero was paid his wages by check.  During the month of November 2016, Plaintiff Romero alleges that Defendant Sistina paid him $7.50 per hour for his regular hours and varying rate (that were rarely at the lawful overtime rate) for some of his overtime hours.

      Plaintiff Romero therefore brought this action seeking to recover unpaid minimum wages, overtime wages, spread of hours, liquidated damages, interest, attorneys' fees, and costs, pursuant

Hon. Paul A. Engelmayer
April 19, 2018
Page 2 of 4

to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650, *et seq*., and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

Defendant Sistina denies Plaintiff's allegations.

After weighing the risks of trial and costs of further litigation, the Settling Parties have reached an agreement at an early stage.

## Settlement

The Settling Parties have agreed to resolve this action for the total sum of $2,000.00 which will be paid as outlined in **Exhibit A**. Plaintiff Romero estimated that, in a best case scenario, he would be entitled to approximately $675.00 in minimum and overtime base damages. However, if Defendant Sistina was to succeed, it estimates that Plaintiff Romero would be entitled to a minor amount, if anything at all.

One-thousand three-hundred and thirty-three dollars and thirty-three cents ($1,333.33) of the settlement amount will be paid to Plaintiff Romero. The remaining Six Hundred Sixty-Six Dollars and Sixty-Seven cents ($666.67) will be applied as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to the Plaintiff Romero. Plaintiff has been represented by counsel throughout this lawsuit and has made an informed decision to settle the action at an early stage of litigation, without incurring the costs or encumbrance of lengthy litigation. The Two-Thousand Dollars ($2,000.00) that Plaintiff Romero will be receiving accounts for any alleged unpaid minimum and overtime wages that he could have potentially recovered at trial, as well as attorneys' fees. This recovery is also well over what the Plaintiff Romero would recover if Defendant Sistina was to successfully utilize its documentation to prove that Defendant Sistina paid laintiff in accordance with the law. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

Hon. Paul A. Engelmayer
April 19, 2018
Page 3 of 4

**Plaintiff Romero's Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiff Romero's counsel will receive $666.67 from the settlement fund as attorneys' fees and costs. This represents one-third of the settlement amount, a reduction in fees from what is identified in the Plaintiff Romero's retainer agreements, which provides that forty percent of the Plaintiff Romero's recovery will be retained by the firm.

The amount provided to the Plaintiff Romeor's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff Romero's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff Romero's counsel was able to obtain a favorable pre-trial result due to the Settling Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit B**, are Plaintiff Romero's attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Sara Isaacson is an associate at Michael Faillace & Associates, P.C. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. Since joining Michael Faillace & Associates, P.C. in May 2017, she has been responsible for all aspects of the firm's employment docket in federal court.

Hon. Paul A. Engelmayer
April 19, 2018
Page 4 of 4

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiff Romero has agreed to these fees and costs by agreeing to the settlement amount.  As a result, the fees should be approved.

**<u>Conclusion</u>**

Plaintiff Romero has been represented by counsel throughout this lawsuit, and Plaintiff Romero's counsel has agreed to the settlement amount based on the approval of his client.  Plaintiff Romero's interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the Settling Parties' agreement is fair and reasonable, and that the settlement should be approved.  A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

<u>/s/ Michael Faillace</u>
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiff*

cc:    Brittany Buccellato, Esq. (via ECF)
       *Attorney for Defendants*