# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

October 24, 2019

**VIA ECF**

Hon. Paul Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

          Re:    *Carchi, et al. v. San Pietro Restaurant Inc., et al.,*
                  17-cv-3160(PAE)
                  *Borja, et al. v. San Pietro, et al.,*
                  18 Civ. 00291 (PAE)
                  *Quarrato v. San Pietro, et al.,*
                  18 Civ. 08898 (PAE)

Your Honor:

      This office represents all Plaintiffs ("Plaintiffs") in the above-referenced matters. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiffs and Defendants (together with Plaintiffs, the "Settling Parties").

      The Settling Parties have agreed to negotiated Settlement Agreements concerning any and all federal wage-and-hour claims (the "Agreement") after extensive discussions.[1] The Settling Parties have concluded that the Agreements are fair, reasonable, adequate and in the Parties' mutual best interests. The proposed Agreements are attached hereto as **Exhibit A.** We therefore jointly and respectfully request that the Court enter an Order approving the Agreements as fair and reasonable, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), and dismissing all of Plaintiffs' wage-and-hour claims with prejudice.

---

[1] The Parties have agreed to resolve the NYLL claims in a separate agreement, as some of Plaintiffs' claims are time-barred under the FLSA but not the NYLL. See Yunda v. SAFI-G, Inc., 2017 U.S. Dist. LEXIS 65088, at *4 (S.D.N.Y. Apr. 28, 2017) ("such a bifurcated settlement agreement is permissible" under Cheeks); Abrar v. 7-Eleven, Inc., 2016 U.S. Dist. LEXIS 50416, at *3 (E.D.N.Y. Apr. 14, 2016) ("the parties proposed a bifurcated settlement structure pursuant to which the parties would (i) publicly file a settlement agreement with respect to the FLSA claim against [Defendant] for the Court's approval as fair and reasonable under Cheeks; and (ii) execute a separate settlement agreement of Counts II through IV, the Plaintiff's non-FLSA claims, … and would not require the Court's approval under Cheeks…the Court approved of this proposed settlement structure"); Santos v. Yellowstone Properties, Inc. et al., 2016 U.S. Dist. LEXIS 61994 (S.D.N.Y. May 10, 2016); Chowdhury v. Brioni America, Inc., 2017 U.S. Dist. LEXIS 196469 (S.D.N.Y. Nov. 29, 2017).

Hon. Paul Engelmayer
October 7, 2019
Page 2 of 7

**Background**

  Plaintiff Argudo was employed by Defendants as a waiter and bartender at the Italian restaurant owned by Defendants, known as San Pietro, located at 18 East 54th Street, New York, NY 10019.

  Plaintiff Argudo was employed by Defendants from approximately 2007 until on or about August 2016. Plaintiff Argudo, like all Plaintiffs that are party to the FLSA Agreement but for Plaintiffs Selimaj and Saca, was incorrectly paid at a tip-credited rate of pay by Defendants. Plaintiff Argudo, like all Plaintiffs that are party to the FLSA Agreement, is also owed additional pay for approximately five (5) hours of work per week that they were not paid for, due to the fact that San Pietro Defendants required Plaintiffs to shave time off their punch in/punch out records. Please see attached as **Exhibit B** damages charts for a further breakdown of Plaintiffs' hours and pay received during the FLSA statutory period of their employment.

  Plaintiff Caisaguano was employed by Defendants as a busboy at the Italian restaurant owned by Defendants, known as San Pietro, located at 18 East 54th Street, New York, NY 10019. Plaintiff Caisaguano was employed by Defendants from approximately August 2009 until on or about September 2015.

  Plaintiff Calle was employed by Defendants as a waiter at the Italian restaurant owned by Defendants, known as San Pietro, located at 18 East 54th Street, New York, NY 10019, from approximately September 2015 until on or about March 2016.

  Plaintiff Carchi was employed by Defendants as a busboy at the Italian restaurant owned by Defendants, known as San Pietro, located at 18 East 54th Street, New York, NY 10019, from approximately June 2011 until on or about February 2017.

  Plaintiff Castillo was employed by Defendants as a busboy at the Italian restaurant owned by Defendants, known as San Pietro, located at 18 East 54th Street, New York, NY 10019, from approximately September 2015 until on or about December 2016.

  Plaintiff Fidan Krasniqi was employed by Defendants as a waiter at the Italian restaurant owned by Defendants, known as San Pietro, located at 18 East 54th Street, New York, NY 10019, from approximately November 2016 until on or about June 2017.

  Plaintiff Hidajet Krasniqi was employed by Defendants as a waiter at the Italian restaurant owned by Defendants, known as San Pietro, located at 18 East 54th Street, New York, NY 10019, from approximately April 2016 until on or about July 2016, and then from approximately May 2017 until on or about June 2017.

  Plaintiff Llanos was employed by Defendants as a waiter at the Italian restaurant owned by Defendants, known as San Pietro, located at 18 East 54th Street, New York, NY 10019, from approximately 2007 until on or about October 2015.

Hon. Paul Engelmayer
October 7, 2019
Page 3 of 7

      Plaintiff Maneiro was employed by Defendants as a waiter at the Italian restaurant owned by Defendants, known as San Pietro, located at 18 East 54th Street, New York, NY 10019, from approximately July 2016 until on or about March 2017.

      Plaintiff Romero was employed by Defendants as a waiter at the Italian restaurant owned by Defendants, known as San Pietro, located at 18 East 54th Street, New York, NY 10019, from approximately August 2013 until on or about June 2016, and at Sistina, the Italian restaurant owned by Defendants located at 24 East 81st Street, during November 2016.

      Plaintiff Freddy Vasquez was employed by Defendants as a busboy at the Italian restaurant owned by Defendants, known as San Pietro, located at 18 East 54th Street, New York, NY 10019, from approximately September 2015 until on or about November 2016.

      Plaintiff Marco Vasquez was employed by Defendants as a busboy and food runner at the Italian restaurant owned by Defendants, known as San Pietro, located at 18 East 54th Street, New York, NY 10019, from approximately 2009 until on or about February 2017.

      Plaintiff Vilson was employed by Defendants as a waiter at the Italian restaurant owned by Defendants, known as San Pietro, located at 18 East 54th Street, New York, NY 10019, from approximately November 2016 until on or about February 2017.

      Plaintiff Quarrato was employed by Defendants as a waiter and captain at the Italian restaurant owned by Defendants, known as San Pietro, located at 18 East 54th Street, New York, NY 10019, from approximately November 2012 until on or about January 2014 (those claims resolved separately as part of NYLL Agreement) and at Sistina, the Italian restaurant owned by Defendants located at 24 East 81st Street, from approximately September 2016 until on or about February 2018.

      Plaintiff Selimaj was employed by Defendants as a cashier, hostess, and coat checker at the Italian restaurant owned by Defendants, known as San Pietro, located at 18 East 54th Street, New York, NY 10019, from approximately 2003 until on or about December 2017. Plaintiff Saca was employed by Defendants as a cook at the Italian restaurant owned by Defendants, known as San Pietro, located at 18 East 54th Street, New York, NY 10019, from approximately 2007 until on or about August 2017.

      Plaintiffs Selimaj and Saca were paid above the minimum wage rate and received overtime pay, however the parties estimate that she is owed additional pay for approximately five (5) hours of work per week that they were not paid for, due to the fact that San Pietro Defendants required Plaintiffs to shave time off their punch in/punch out records.

      Accordingly, Plaintiffs brought this action to recover unpaid minimum and overtime wages, spread of hours pay, liquidated damages, interest, attorneys' fees, and costs pursuant to The Fair Labor Standards Act of 1938, 29 U.S.C. 201 *et seq.*, the New York Minimum Wage Act, N.Y. Lab. Law 650 *et seq.*, and the Spread of Hours Wage Order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, 146-1.6.

Hon.Paul Engelmayer
October 7, 2019
Page 4 of 7

Defendants deny Plaintiffs' allegations including, but not limited to, whether Plaintiff actually worked the foregoing hours as alleged. Further, Defendants continue to assert that Defendant paid Plaintiff all monies due and owing, and they maintained detailed employment records covering Plaintiff's period of employ.

After engaging in preliminary discovery and weighing the risks of trial and costs of further litigation, the Settling Parties have reached an agreement at an early stage.

### **Settlement**

The Settling Parties have agreed to resolve their FLSA wage-and-hour claims for the sum of $149,037.63, and an additional $1,600.00 in a separate agreement between Plaintiff Quarrato and Defendant Giuseppe Bruno and Sistina Restaurant Inc., which will be paid as outlined in **Exhibit A**. A copy of Plaintiffs' damages charts, breaking down each amount sought from Defendants, is attached as **Exhibit B**.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc.*,* 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The FLSA agreement here is fair to the Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action prior to trial, after the parties conducted extensive discovery, without incurring further costs or encumbrances of lengthy litigation. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

### **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the FLSA wage-and-hour settlement, Plaintiffs' counsel will receive $49,679.21, less than the amount of their attorneys' fees and costs. This represents a reduction in fees from what is identified in the Plaintiffs' retainer agreements, which provides that forty percent of the Plaintiffs' recovery will be retained by the firm.

The amount provided to the Plaintiffs' counsel under the settlements is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. 41, 60 (E.D.N.Y. Jan. 28, 2010).; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). Here, Plaintiffs' counsel's fee request is less than their lodestar and we submit it is appropriate under these circumstances considering the strong recovery for Plaintiffs. *See* Pinzon v. Jony Food Corp., No. 18 Civ. 105, 2018 WL 2371737, at *9 (S.D.N.Y. May 24, 2018) (approving a fee resulting in a lodestar multiplier of 5.23, despite that it is "somewhat higher than normally awarded," because "[the] settlement has provided Plaintiff with a substantial and speedy result").

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the Settling Parties' cooperative exchange of information, extensive discovery conducted, and frequent negotiations.

Attached hereto as **Exhibit C**, are Plaintiffs' amended attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work is billed at $450 per hour and indicated by the initials "MF."[2]

Sara Isaacson was an associate at Michael Faillace & Associates, P.C. from May 2017 through February 2019. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. During her employment at Michael Faillace & Associates, P.C., she was responsible for all aspects of the firm's employment docket in federal court. Her work is billed at $250 per hour and indicated by the initials "SI."

---

[2] The initials "PL" in the billing sheets refer to work done by paralegals at the firm.

Haleigh Amant was an associate at Michael Faillace & Associates, P.C. Since graduating law school in 2017 from the George Washington University Law school, she practiced strictly employment law and represented employees in wage and hour disputes. Her work is billed at $250 per hour and indicated by the initials "HA."

Paul Hershan was an associate at Michael Faillace & Associates, P.C. He graduated from Fordham University School of Law in 2012. Following law school, he gained extensive trial and appellate litigation experience in the field of criminal law. Paul served as an Assistant District Attorney with the Bronx County District Attorney's Office for three years, then practiced primarily in the area of criminal defense before joining Michael Faillace & Associates, P.C. in April of 2018. His work is billed at $350 per hour and indicated by the initials "PH."

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

## Conclusion

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the wage-and-hour settlement amounts based on the approval of his clients. Plaintiffs' interests have thus been adequately safeguarded.

In full consideration of the issues presented in Cheeks, we believe that the Settling Parties' agreement is fair and reasonable, and that the settlement should be approved. The proposed Stipulation and Order of Final Dismissal with Prejudice will be filed for so-ordering after execution of the Agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Michael Faillace
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiffs*

cc:   Rory McEvoy, Esq. (via ECF)
      Brittany Buccellato, Esq. (via ECF)
      *Attorneys for Defendants*

Hon. Paul Engelmayer
October 7, 2019
Page 7 of 7

4842-9756-9176, v. 1